IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KENDRICK JERMAINE FULTON,**

          **Petitioner,**

    v.                                    CASE NO. 11-3015-RDR

**CLAUDE CHESTER,**

          **Respondent.**

**O R D E R**

Before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241, filed pro se by a prisoner incarcerated in a federal facility in Kansas.

Petitioner was convicted by a jury in the Northern District of Texas. *See United States v. Fulton*, 131 Fed.Appx. 441 (5th Cir. 2005)(affirming petitioner's conviction and sentence), *cert. denied*, 546 U.S. 1097 (2006). In the instant action he seeks relief on a Sixth Amendment claim that defense counsel was ineffective in failing to adequately advise petitioner as to how the government's plea offer would have exposed petitioner to less jail time if the offer had been accepted. Petitioner raised this claim in a § 2255 motion in the sentencing court, but appointed counsel refused to object to the magistrate judge's recommendation that the claim be denied, and the sentencing court refused to allow petitioner to proceed pro se to argue the claim.

As petitioner recognizes, a motion under § 2255 filed in the sentencing court is the "exclusive remedy" for challenging the legality of his federal conviction or sentence absent a showing that

remedy is inadequate or ineffective.  *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir.1999).  Section 2255 contains a savings clause which provides that "[a]n application for habeas corpus under § 2241 by a prisoner authorized to apply for relief under § 2255 "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The remedy under 28 U.S.C. § 2255 is considered inadequate or ineffective only in "extremely limited circumstances."  *Caravalho*, 177 F.3d at 1178.

The court notes that petitioner filed an earlier § 2241 petition in this court raising the same Sixth Amendment claim.  *See Fulton v. Chester*, Case No. 10-3204-RDR.  In that action, petitioner argued § 2255 was inadequate or ineffective because the sentencing court denied him a full and fair opportunity to present this particular claim.  The court dismissed that action without prejudice finding it lacked jurisdiction under § 2241 to consider petitioner's claim, *see Fulton v. Chester*, 2010 WL 4899459 (D.Kan. Nov. 24, 2010)(no appeal filed), and noting in part that petitioner's § 2255 motion in the sentencing court on this and other allegations of ineffective assistance of counsel appeared to be still pending.[1]

---

[1] In the present action, petitioner recently filed a motion to stay this § 2241 proceeding pending the Fifth Circuit's decision whether to review the sentencing court's denial of petitioner's motion under Rule 60(b)(6) seeking relief from the § 2255 judgment, and pending petitioner's possible filing of other post-judgment motions in that matter.

2

In the present action, petitioner redirects his argument to maintain that § 2255 is inadequate and ineffective because the sentencing court did not provide petitioner with an "unobstructed procedural shot" at fully presenting his Sixth Amendment claim in petitioner's § 2255 proceeding.

In *Lorentsen v. Hood*, 223 F.3d 950, 954 (9th Cir.2000), the Ninth Circuit recognized that "a federal prisoner who is 'actually innocent' of the crime of conviction, but who never has had 'an unobstructed procedural shot' at presenting a claim of innocence, may resort to § 2241 if the possibility of relief under § 2255 is foreclosed." Petitioner's reliance on this holding is misplaced. The Tenth Circuit has never adopted this construction of the savings clause,[2] and significantly, petitioner is not asserting a claim of actual innocence.

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence it is more likely than not that no reasonable juror would have convicted him. ...It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998)(*internal quotation marks omitted*). *See also Ellis v. Hargett*, 302 F.3d 1182, 1186 n.1 (10th Cir.2002)(distinguishing "legal innocence" and "factual innocence"); *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir.2001)("Courts have framed the actual innocence factor differently, but the core idea is that the petitioner may have been imprisoned for conduct that was not

---

[2]*See e.g., Saleh v. Davis*, 398 Fed.Appx. 331 (10th Cir. Oct. 8, 2010); *Davis v. Ledezma*, 393 Fed.Appx. 564 (10th Cir. Aug. 23, 2010)(unpublished opinions cited for persuasive value only under 10th Cir. Rule 32.1).

3

prohibited by law.").

The court thus finds petitioner has made no showing that the remedy afforded under § 2255 is inadequate or ineffective, and concludes the petition should be dismissed because this court lacks jurisdiction to proceed under § 2241.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is dismissed without prejudice for lack of jurisdiction, and that petitioner's motion for appointment of counsel (Doc. 3) and motion for a stay (Doc. 6) are denied as moot.

DATED:  This 29th day of April 2011, at Topeka, Kansas.

                             s/ Richard D. Rogers
                             RICHARD D. ROGERS
                             United States District Judge